they dug the excavation, even though the plea does not deny the partnership averred in the declaration.

2. NEGLIGENCE, § 187*—*when evidence sufficient to show that excavation was not made by defendants.* In action for personal injuries alleged to have been caused by defendants' acts in creating and negligently maintaining an excavation, evidence *held* sufficient to show that the excavation was not dug by defendants.

3. NEGLIGENCE, § 131*—*when no recovery for failure to prove connection with ownership or operation of agencies causing accident.* In an action for personal injuries, there can be no recovery where there is a total failure to prove that defendants were connected with the ownership or operation of the agencies which caused the accident for injuries from which recovery is sought.

---

John H. Leslie and George H. Leslie, copartners, trading as John H. Leslie & Company, Appellants, v. J. W. Gillaspie, Appellee.

Gen. No. 22,878.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed June 11, 1917.

## Statement of the Case.

Action by John H. Leslie and George H. Leslie, copartners, trading as John H. Leslie & Company, plaintiffs, against J. W. Gillaspie, defendant, to recover damages for a breach of contract. From a judgment of *nil capiat* and for costs in favor of defendant, plaintiffs appeal.

BUSBY, WEBER & MILLER, WARNER H. ROBINSON and ARTHUR A. ANDERSON, for appellants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

No appearance for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 59*—*when contract is severable and not entire.* A contract of sale by which the vendor agrees to sell the vendee a certain number of cases of canned goods at a specified price per dozen cans, to be delivered at the vendee's factory, and under which the shipment is made in two cars, each containing a half of the goods and under separate invoice and sight draft, is not an entire but a severable contract.

2. SALES, § 59*—*what constitutes severance of entire contract of sale.* If the vendee of a specific quantity of goods sold under an entire contract receives a part thereof and retains it after the vendor has refused to deliver the residue, there is a severance of the entirety of the contract, and the vendee becomes liable to the vendor for the price of such part, but may reduce the vendor's claim by showing that he has sustained damage by the vendor's breach.

3. SALES, § 376*—*what is measure of damages for breach of contract for sale of goods.* In an action for breach of contract for the sale of goods, the measure of damages is the difference between the contract price and the price at the time of the breach.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.